NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0503n.06

No. 13-4295

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 10, 2014
DEBORAH S. HUNT, Clerk

YONG XING DENG,

    Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE: GUY, KETHLEDGE, and STRANCH, Circuit Judges.

PER CURIAM. Petitioner Yong Xing Deng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We deny the petition for review.

Deng was admitted to the United States in 2010 as a lawful permanent resident. In 2012, he pleaded guilty in a Michigan state court to aggravated assault, in violation of Michigan Compiled Laws § 750.81a. The Department of Homeland Security subsequently served Deng with a notice to appear, charging that he was removable under Section 237(a)(2)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(i), for having been convicted of a crime involving moral turpitude, committed within five years after admission, for which a sentence of one year or longer may be imposed.

Deng applied for asylum, withholding of removal, and relief under the CAT, claiming that he feared persecution in China based on his conversion to Christianity. Deng also asserted that, in 2003, his wife was forced to have an abortion after she became pregnant with their third child. The IJ denied relief and ordered Deng's removal to China, concluding that his asylum application was untimely, his testimony was not credible, and, in the alternative, his claims failed on the merits. The BIA affirmed the IJ's decision.

On appeal, Deng argues that: 1) his asylum application should have been considered timely because it was filed within one year of his conversion to Christianity, constituting a change in circumstances; 2) he established past persecution based on his wife's forced abortion and sterilization; 3) he established a well-founded fear of future persecution based on his practice of Christianity; 4) he established eligibility for withholding of removal and CAT protection; 5) the IJ failed to consider relevant corroborating evidence; and 6) the IJ erred by finding him not credible.

When, as here, the BIA issues a separate decision rather than summarily affirming the decision of the IJ, we review the BIA's decision as the final agency determination. *Hachem v. Holder*, 656 F.3d 430, 437 (6th Cir. 2011). To the extent that the BIA adopts the IJ's reasoning, however, we also review the IJ's decision. *Id.* We review factual findings, including credibility determinations, for substantial evidence, reversing "only if any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 434.

Deng first challenges the BIA's determination that his asylum application was untimely. But "we have jurisdiction to review asylum applications denied for untimeliness only when the appeal seeks review of constitutional claims or matters of statutory construction, not when the question is discretionary or factual." *Khozhaynova v. Holder*, 641 F.3d 187, 191 (6th Cir. 2011)

(internal quotation marks omitted). Deng's argument that changed circumstances excuse the untimeliness of his asylum application presents a predominantly factual question rather than a constitutional issue or a question of statutory interpretation. Accordingly, we lack jurisdiction to consider it. *See id.* at 191–92.

Additionally, substantial evidence supports the BIA's adverse credibility determination, which precludes Deng from satisfying his burdens of proof for asylum, withholding of removal, and CAT protection. *See Slyusar v. Holder*, 740 F.3d 1068, 1073–74 (6th Cir. 2014); *El-Moussa v. Holder*, 569 F.3d 250, 256–57 (6th Cir. 2009). Deng, relying on case law that applies to applications filed before the effective date of the REAL ID Act of 2005, argues that the IJ erred by relying on minor and irrelevant inconsistencies. But under the REAL ID Act, an adverse credibility determination may be based on any inconsistencies in the record, without regard to whether they go to "the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Slyusar*, 740 F.3d at 1072; *El-Moussa*, 569 F.3d at 256. The IJ and the BIA set forth valid reasons for finding Deng not credible, applying the correct standard by considering the "totality of the circumstances" and taking into account "all relevant factors." *El-Moussa*, 569 F.3d at 256 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

In particular, Deng initially testified that, before he went to jail, he attended Chinese-language services at a Christian church once or twice a week. Later, however, he testified that he only attended the church on three occasions. There were also discrepancies between Deng's and his wife's testimony with regard to whether they celebrated Christmas together and whether they paid a fine after Deng's wife became pregnant in 2003. On appeal, Deng offers various explanations for these inconsistencies, including that the discrepancy regarding his church attendance arose because he attended both English- and Chinese-language services. But "a

plausible explanation for an inconsistency, standing alone, is not enough for us to reverse an IJ's adverse-credibility determination." *Ali v. Holder*, 534 F. App'x 286, 291 (6th Cir. 2013); *see Shkabari v. Gonzales*, 427 F.3d 324, 330 (6th Cir. 2005). Certainly, there is nothing in Deng's explanations to "meet the high standard of *compelling* a contrary result." *Yu v. Ashcroft*, 364 F.3d 700, 704 (6th Cir. 2004). And Deng offers no explanation for another discrepancy on which the BIA and the IJ relied: his omission from his written application that he feared persecution in China because of a work-related incident, a claim that formed a significant part of his testimony. Although the omission of minor details from an asylum application does not support an adverse credibility determination, "an application should contain at least some indication of the type of assertions that will be made in support of a claim." *Kaba v. Mukasey*, 546 F.3d 741, 749–50 (6th Cir. 2008). Accordingly, the record does not compel a conclusion that Deng was credible.

For these reasons, we dismiss in part and deny in part the petition for review.